UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR ARTIFACT COMMERCIALIZATION INVESTIGATION | ML No: 1:22-ml-1417 |

*Reference:*   DOJ Ref. # CRM-182-78295

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica Y. Laster, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Argentina.  In support of this application, the United States asserts:

RELEVANT FACTS

1.  The Central Authority of Argentina, the Ministry of Justice and Human Rights, submitted a request for assistance (the Request) to the United States, pursuant to the Inter-American Convention on Mutual Assistance in Criminal Matters with Related Optional Protocol, U.S.-Arg., January 10, 1995, S. TREATY DOC. NO. 105-25 (1996) (the Treaty).

2.  As stated in the Request, the National Court in Criminal Federal Matters Number 7 in Argentina, is prosecuting unknown subjects for the commercialization of Argentine artifacts,

which occurred from in or about 2006 to the present, in violation of the criminal law of Argentina, specifically, Section 48 of Act No. 25743 of the Argentine Penal Code. Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Argentine authorities, in January of 2021, the Argentine National Director of Assets and Cultural Sites of the National Ministry of Culture informed the Argentine Federal Police that Sotheby's, an auction house located in the United States, published works for sale identified as archaeological and/or paleontological items of Argentine origin. Under Argentine law, all archaeological items, paleontological products, and/or fossils (artifacts) are protected from transport, sale, and purchase.

4.      On January 22, 2021, the Department for the Cultural Heritage Protection of the Argentine Federal Police initiated an investigation into the artifacts listed for sale at Sotheby's. The Argentine Federal police reached out to Sotheby's via their web page and confirmed that the items auctioned were of Argentine origin. Argentine authorities held consultations with the Director of the National Institute of Anthropology and Latin American Thinking who informed them that the pieces were indeed Argentine artifacts. Argentine authorities learned that the items were listed for auctioned as part of various collections for sale at Sotheby's.

5.      According to the National Institute of Anthropology and Latin American Thinking, one of the pieces is a goblet, an artifact stemming from the Catamarca and La Rioja provinces in Argentina between 600 and 900 A.D. The goblet is shown as being auctioned for sale at Sotheby's as part of Set 109 of the Barbler Mueller Collection in 2013. A second artifact auction is described as a rare egg fossil of Argentine origin originating from the Rio Negro area in Argentina. The egg fossil was included as part of Sotheby's Set 376 of the garden architectural and fossil decoration in 2006. A third artifact is a cycad trunk, a fossil from the

Jurassic period originating in Patagonia, Argentina.  The cycad trunk artifact was included as part of Sotheby's Set 14 of the Natural History Including Fossils Minerals and Meteorites Collection of 2020).  All of the pieces are protected from transport, storage, industrialization, commercialization, sale, and purchase under Argentine law.

6. To further the investigation, Argentine authorities have asked U.S. authorities to provide business records from Sotheby's.

## LEGAL BACKGROUND

7. A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8. The United States and Argentina entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5 ("The courts of the

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.").

9.  When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*           \*           \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*           \*           \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10.  Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

11.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

---

authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice and Human Rights, the designated Central Authority in Argentina, seeks assistance in the investigation of the commercialization of Argentine artifacts – a criminal offense in Argentina. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business records, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

15.     When executing a foreign request for assistance in a criminal matter, both Section

3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

16. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica Y. Laster, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the with the intended use of the evidence.

          Respectfully submitted,

          VAUGHN A. ARY
          DIRECTOR
          OFFICE OF INTERNATIONAL AFFAIRS
          OK Bar Number 12199

By: _____
          Erica Y. Laster
          Trial Attorney
          D.C. Bar Number 1032449
          Office of International Affairs
          Criminal Division, Department of Justice
          1301 New York Avenue, N.W.
          Washington, D.C. 20530
          (202) 353-1677
          Erica.Laster@usdoj.gov